UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARK ALAN LOVE,                              }
                                             }
    Plaintiff,                               }
                                             }
v.                                           }    Case No.: 2:15-cv-01039-RDP
                                             }
BANK OF AMERICA HOME LOANS;                  }
ANDY SAAG, IN HIS PRIVATE                    }
CAPACITY; ARC REALTY; ALISON                 }
JOHNSTON, IN HER PRIVATE
CAPACITY; and UNKNOWN
TRESPASSER, IN HIS PRIVATE
CAPACITY,

    Defendants.

## MEMORANDUM OPINION

The court has before it the Motion to Dismiss of Defendant Bank of America, N.A. (incorrectly named in Plaintiff's Complaint as Bank of America Home Loans) ("BANA") (Doc. #10), filed July 20, 2015; Defendant Andy Saag's Motion to Dismiss and Joinder (Doc. # 14), filed July 21, 2015; and the Corrected Motion to Dismiss of Defendants ARC Realty and Alison Johnston (Doc. # 17), filed July 22, 2015. The motions have been fully briefed. (Docs. # 10, 14, 17, 24, 25, 27, 28). For the reasons outlined below, the court finds that Defendants' Motions to Dismiss are due to be granted.

**I.    Background**

This is an action for wrongful foreclosure. Plaintiff asserts that the court has diversity

jurisdiction over this action.[1]  He is proceeding *pro se* and owns real property located at 6637 Mountain Heights Drive, Pinson, Alabama 35126 (the "Property").  Plaintiff obtained a mortgage secured on his real property by a loan from Quicken Loans in 2003, and Countrywide Financial subsequently purchased the note.  (Doc. # 5).  Defendant BANA, a California corporation with headquarters in North Carolina, later acquired Countrywide Financial.  (*Id.*).

On May 7, 2015, Defendant Saag, a lawyer who lives and works in Alabama, sent Plaintiff a letter on behalf of his client, BANA, informing Plaintiff that as a result of Plaintiff's default on his obligations under the note and mortgage, the entire outstanding loan balance was due and payable.  (Docs. # 5, 10).  BANA also informed Plaintiff that it was commencing foreclosure, and that it was scheduled for June 10, 2015.  (*Id.*).

On June 3, 2015, Plaintiff sent BANA a letter disputing the debt owed on the loan.  (Doc. # 5).  The Property was sold by an auctioneer on June 10, 2015, on the steps of the Jefferson County Courthouse.  (Docs. #5, 10).  Then, on June 17, 2015, Plaintiff found a business card on the front door of the Property from Defendants Johnston and ARC Realty, both citizens of Alabama, informing Plaintiff that the Property had been sold at a foreclosure auction and instructing Plaintiff to vacate it.  (Doc. # 5).

Plaintiff thereafter instituted this case by filing his Complaint on June 19, 2015, and his Amended Complaint on June 26, 2015.  Defendants responded by filing Motions to Dismiss.  The Motions to Dismiss contend that complete diversity of citizenship is lacking.  (Docs. # 10, 14, 17).  The Motions also argue that, while Plaintiff's Amended Complaint appears to only

---

[1] Plaintiff's initial Complaint, filed June 19, 2015, suggested there was federal question jurisdiction in this case based on claims under civil RICO and the Fair Debt Collections Practices Act ("FDCPA"), and requested a temporary restraining order.  (Doc. #1).  By Order dated June 22, 2015, the court denied Plaintiff's request for a temporary restraining order.  (Doc. #3).  Also, in its separate June 22, 2015 Order, the court granted Plaintiff's request to amend his Complaint, stating that "The court understands that Plaintiff wishes to amend his Complaint to assert a single state law cause of action for wrongful foreclosure, abandoning his original federal statutory theories." (Doc. #4).  Plaintiff thereafter filed his Amended Complaint on June 26, 2015.

allege a state claim of wrongful foreclosure, Plaintiff has insufficiently pleaded facts for RICO claims or violations of the FDCPA. (*Id.*). Defendants BANA and Saag further assert that Plaintiff failed to comply with the standards of Federal Rules of Procedure 8 and 12(b)(6). (Docs. # 10, 14).

## II.     Standard of Review

Federal courts have limited jurisdiction and are powerless to act beyond their statutory grant of subject matter jurisdiction. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). A federal court's subject matter jurisdiction may be based on diversity of citizenship pursuant to 28 U.S.C. § 1332, or on a federal question pursuant to 28 U.S.C. § 1331. *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). When a case is premised on diversity jurisdiction, under 28 U.S.C. § 1332, the matter in controversy must exceed $75,000.00 and be between citizens of different states. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *First National Bank of Talladega v. Lovell*, No. 14-cv-1222, 2014 WL 4957135, at *1 (N.D. Ala. Oct. 1, 2014) (quoting *Leyva v. Daniels*, 530 Fed. Appx. 933 (11th Cir. 2013) (unpublished opinion); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). Once a court determines that it has no power over a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

## III.    Discussion

All Defendants argue that Plaintiff's Amended Complaint is due to be dismissed for lack of subject matter jurisdiction because there is not complete diversity. The court finds that dismissal is appropriate because it is clear from the Amended Complaint and the Motions to Dismiss that Plaintiff and multiple Defendants are citizens of Alabama.

In his Amended Complaint, Plaintiff asserts that this court has subject matter jurisdiction under 28 U.S.C. § 1332, which provides for diversity jurisdiction. (Doc. # 5). Plaintiff premises the existence of diversity on his assertion that "all Defendants are U.S. citizens" but "Mark Alan: Love is an Alabama republic Citizen, foreign to the United States." (*Id.*) However, diversity jurisdiction may not and cannot exist unless all defendants are diverse from Plaintiff. *Triggs*, 154 F.3d at 1287. It is clear from the filings that there is not complete diversity because three of the four named Defendants are Alabama citizens, and Plaintiff, contrary to his assertion otherwise, is also a citizen of Alabama.

Plaintiff attempts to distinguish his citizenship by stating that he and his property are both foreign to the United States and that he is an "Alabama Citizen (republic) because he lives in the republic of Alabama." However, Plaintiff has failed to make any valid argument, based in "established law in this court or anywhere in this country's valid legal system," that he is not an Alabama citizen. *Santiago v. Century 21/PHH Mortg.*, No. 12-cv-02792, 2013 WL 1281776, at *5 (N.D. Ala. Mar. 27, 2013). Simply put, there is no so-called "republic of Alabama."[2] Plaintiff's attempts at labeling himself and his citizenship to the contrary are "mere puffery" that this court may disregard. *Water Works Bd. of City of Birmingham v. Ambac Fin. Grp., Inc.*, 534 Fed. Appx. 817, 819 (11th Cir. 2013) (unpublished opinion). Defendants Saag, Johnston, and ARC Realty are all Alabama citizens, as is Plaintiff. Accordingly, this case lacks complete diversity of citizenship as all Defendants are not diverse.

Even though Defendants in their Motions to Dismiss make arguments as to why certain possible federal statutory claims do not apply (e.g., RICO and the FDCPA), and Plaintiff in his

---

[2] Furthermore, Plaintiff states in Exhibit A of the Amended Complaint that he was born in the state of New York. (Doc. # 5). Thus, it is readily apparent from his own pleadings that Plaintiff was born a United States citizen, and he has not alleged any facts suggesting that he has renounced his United States citizenship. *See* U.S. Const., amend. XIV. Therefore, he is not foreign to the United States.

responsive filings appears to suggest that they may apply, the court does not need to address those issues in significant detail. In his Amended Complaint, Plaintiff asserts only diversity jurisdiction as a basis for this court's subject matter jurisdiction, and appears to make a single claim: wrongful foreclosure.[3] (Doc. #5). The federal statutory claims raised in Plaintiff's initial Complaint are irrelevant as "an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment and is no longer a part of the pleader's averments against his adversary." *Pintando v. Miami-Date Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007). Plaintiff abandoned his original RICO claim by filing the Amended Complaint. Indeed, to the extent he ever intended to assert a federal claim, once the court accepted Plaintiff's Amended Complaint, "the original complaint was superseded, and there was no longer a federal claim on which the district court could exercise supplemental jurisdiction for the remaining state law claims."[4] *Id.* Without jurisdiction, the court must dismiss the case. *See Morrison*, 228 F.3d

---

[3] The court also understood based upon Plaintiff's representations, that he would allege such a claim and no federal claims when it granted his request to amend the initial Complaint. *See* (Doc. # 4).

[4] Plaintiff also makes certain factual claims in his Amended Complaint that seem to implicate the FDCPA as it relates to Defendants BANA and Saag. (Doc. # 5). However, it does not appear that Plaintiff makes an actual FDCPA claim for which he seeks relief from the court. Nevertheless, Defendants BANA and SAAG address such a claim, pointing out correctly that for the FDCPA to apply to the facts alleged by Plaintiff—*i.e.*, the provision relating to disputed debts, 15 U.S.C. §1692g(b)—there must be a collection of debt. The FDCPA does not define "debt collection." *Warren v. Countrywide Home Loans, Inc.*, 342 Fed. Appx. 458, 460 (11th Cir. 2009) (unpublished opinion). The Eleventh Circuit has, however, construed the FDCPA consistent with courts in other jurisdictions, holding that "an enforcer of a security interest, such as a [mortgage company] foreclosing on mortgages of real property . . . falls outside the ambit of the FDCPA except for the provisions of section 1692f(6)." *Id.* (citations omitted) (changes in original). The facts in the Amended Complaint allege that Defendant BANA foreclosed the mortgage loan on Plaintiff's Property. (Doc. #5). Thus, BANA would be outside the scope of the FDCPA.

Furthermore, it does not appear from the available facts that BANA is a "debt collector" under the FDCPA. The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Eleventh Circuit recently held that "a person who does not otherwise meet the requirements of § 1692a(6) is not a 'debt collector' under the FDCPA, even where the consumer's debt was in default at the time the person acquired it." *Davidson v. Capital One Bank (USA), N.A.*, No. 14-14200, slip op. at 14 (11th Cir. Aug. 21, 2015) (decision to be published). In *Davidson*, the defendant, who sought to enforce a debt already in default when the defendant acquired it, was not a debt collector, and thus not susceptible to the FDCPA. *Id.* It should then go (without saying) that a person who does not otherwise meet the requirements of section 1692a(6) is not a "debt

at 1261.  Therefore, since there is no diversity jurisdiction and no federal question jurisdiction, the case is due to be dismissed.[5]

## IV.   Conclusion

Based on the foregoing reasons, Defendants' Motions to Dismiss (Docs. # 10, 14, 17) are due to be granted.  A separate order granting those motions and dismissing this case without prejudice will be entered.

**DONE** and **ORDERED** this August 27, 2015.

/s/ R. David Proctor
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

collector" when a debt was not in default at the time the person acquired it, like the mortgage loan BANA obtained here.

Based on the foregoing, it would appear, in any event, that Plaintiff has pleaded insufficient facts to support a cause of action under the FDCPA—his *pro se* status notwithstanding.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (stating that to survive a motion to dismiss, a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory"); *see also Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010) (unpublished opinion) (the leniency granted to a *pro se* plaintiff when construing his complaint "does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action").  Therefore, while the court does not think it necessary to directly address any possible FDCPA claim, were it to do so, it would rule that such a claim is due to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

[5] Of course, Plaintiff is free to file a complaint in Alabama state court if he believes that he has valid legal grounds to do so.